IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE STAPLES,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-2426 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **TROY WILLIAMSON,** | : | |
| | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner Tyrone Staples ("Staples"), an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Staples is challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence. For the reasons set forth below, the petition will be denied.

**I.     Statement of Facts**

On April 10, 2002, Staples was arrested by Pennsylvania local authorities for simple assault and a violation of controlled substance laws. (Doc. 11-2 at 4.) From April 10, 2002, through September 16, 2004, Staples remained in the primary custody

of Pennsylvania state officials.[1]  (*Id.*)  On September 17, 2002, federal officials charged Staples with possession of a firearm by a convicted felon, *see* 18 U.S.C. § 922(g)(1).  (*Id.*)  The charge stemmed from the incident which lead to Staples' arrest on April 10, 2002.[2]  On October 4, 2002, Staples was produced from Pennsylvania state custody pursuant to a federal writ of habeas corpus *ad prosequendum*.  (*Id.*)  At that time, Pennsylvania authorities still maintained primary custody over Staples, with federal officials assuming secondary custody over him.  On September 16, 2004, Pennsylvania officials released Staples on bond on his local charges, thereby relinquishing primary custody to the federal authorities.  (*Id.* at 21.)

Subsequent to a plea agreement in federal court, Staples pleaded guilty to the federal charge and was sentenced in the United States District Court for the Eastern District of Pennsylvania on December 13, 2004, to a term of imprisonment of fifty-seven (57) months.  (*Id.*)  The district court recommended to the BOP that Staples receive credit from April 10, 2002, toward his federal sentence.  (*Id.* at 15.)  However,

---

[1] The record does not indicate that Staples pleaded guilty or was found to be guilty of the charges stemming from his April 10, 2002 arrest during the time in which he remained in primary state custody.  It appears that the state court deferred sentencing on these charges to a December 27, 2004 sentencing date.  *See infra*.

[2] As a result, April 10, 2002 is the date of Staples' federal offense.  (*See* Doc. 11-2 at 20.)

the Judgment and Commitment does not contain a statement regarding concurrence of sentences.³ (*Id*. at 14-19.) In fact, at the time Staples was sentenced in the district court, there was no state sentence in place.

After the federal sentence was imposed, on December 27, 2004, Staples was sentenced in state court to a term of imprisonment of six (6) years for manufacturing, delivering, and possession with intent to deliver, a controlled substance. (*Id*. at 22.) The state court ordered that Staples' state sentence run concurrently with his previously imposed federal sentence. (*Id*.) In addition, the state pre-sentence credit report indicates that Staples received credit toward his state sentence from November 19, 2001, through December 26, 2001, and from April 10, 2002, through September 16, 2004. (*Id*. at 23.)

The federal sentence was calculated by the BOP as commencing on the date it was imposed, December 13, 2004, and running continuously since that date. The BOP also reviewed Staples' case to determine whether he had any periods of

---

³ In his response to the petition, Respondent claims that because Staples did not file a direct criminal appeal, it is unlikely that a transcript of the sentencing proceeding was ever produced. (*See* Doc. 11 at 4 n.1.) Thus, a transcript is unavailable. The electronic filing system of the United States District Court for the Eastern District of Pennsylvania contains a minute entry for the sentencing held on December 13, 2004, but no transcript of that proceeding. (*See* E.D. Pa., 2:02-cr-00567, Doc. 43.) Under Rule 5(c) of the Rules Governing § 2254 Cases, "If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence." Thus, Respondent may proceed without a transcript.

3

detention which would qualify him for an award of jail time credit or "prior custody credit" pursuant to 18 U.S.C. § 3585(b). Staples' records reveal that all time he spent in primary state custody, beginning November 29, 2001, through December 26, 2001, and April 10, 2002, through September 16, 2004, was awarded and credited toward Staples' state sentence. (Doc. 11-2 at 23.) Thus, under 18 U.S.C. § 3585(b), Staples was not entitled to receive credit toward his federal sentence for these periods of time.

However, in their review of these same periods of time (November 29, 2001 through December 26, 2001, and April 10, 2002, through September 16, 2004), the BOP also determined that since Staples' state sentence was to be served concurrently with the federal sentence, the BOP could utilize a "procedural application" for an award of prior custody credit pursuant to *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). Pursuant to the *Kayfez* application, a prisoner is entitled to pre-sentence credit toward both his federal and state sentences if 1) the state and federal sentences are concurrent, and the state Raw Expiration Full Term ("EFT") date exceeds the federal EFT date, and 2) if the state EFT, after application of qualified state pre-sentence time,[4] is reduced to a date that is earlier than the federal EFT. *See* BOP Program

---

[4] Qualified non-federal pre-sentence time is "[t]ime spent in non-federal presentence custody from the date of the federal offense, that does not overlap any other authorized prior custody time credits, to the date the first sentence begins to run, federal or non-federal." BOP Program Statement 5880.28, Sentence Computation Manual-CCCA, at 35 (Feb. 14, 1997), *available at*

Statement 5880.28 at 56-7, *supra* note 4, at 4. For Staples, the Raw EFT dates are December 26, 2010, for the state sentence, and September 12, 2009, for the federal sentence. Staples received credit toward his state sentence from November 19, 2001, through December 26, 2001, and April 10, 2002, through September 16, 2004. Thus, his projected satisfaction date on the non-federal sentence is June 13, 2008. Since that date no longer exceeds the federal EFT date of September 12, 2009, pursuant to *Kayfez* procedure, the BOP awarded Staples credits in the amount of 421 days, which were applied to his federal EFT date. (Doc. 11 at 6.) In addition to this credit, Staples received credit for 88 days spent in pre-sentence federal primary custody from September 16, 2004, through December 12, 2004.[5] (*Id*.) Factoring in good conduct

---

http://www.bop.gov/DataSource/executed/dsPolicyLoc.

[5] The BOP's Program Statement 5880.28 provides several examples that demonstrate the process of applying *Kayfez* time credits. BOP Program Statement 5880.28 at 56-60, *supra* note 4, at 4. Based on those examples, the court applies the *Kayfez* procedure to the instant case as follows:

Non-Federal Raw EFT                   = 12-26-2010
Federal Raw EFT                       = 09-12-2009

Date of Federal Offense               = 04-10-2002
Date Arrested by Non-Federal Agency   = 04-10-2002
Date Non-Federal Sentence Begins      = 12-27-2004
Date Concurrent Federal Sentence Begins = 12-13-2004

Qualified non-federal presentence time is from 04-10-2002 (date arrested by non-federal agency) through 12-13-2004 (date federal sentence begins - this is the earlier beginning sentence date) which equals 978 days. The non-federal Raw EFT shall be reduced by the 978 days to April 22, 2008, and the federal Raw EFT shall be reduced to that date resulting in an award of 509 days of prior custody

time earned, Staples' current projected release date is October 16, 2007.  (Doc. 11-2 at 21.)

Staples filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 19, 2006. (Doc. 1.)  On January 8, 2007, an order to show cause was issued, directing the respondent to reply to Staples' petition.  (Doc. 4.)  The matter is now ripe for disposition.

## II. Discussion

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, *see United States v. Addonizio*, 442 U.S. 178, 185-88 (1979); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).  Thus, Staples has properly invoked section 2241 to challenge the determination of

---

time credits.

The court's calculation of 509 days of prior custody time credits based on the *Kayfez* procedure is not in conflict with the BOP's records, which indicate that the total amount of prior custody awarded was 509 days. (*See* Doc. 11-2 at 21.)  This is also consistent with the total of the 421-day and 88-day credits.  As a result, Staples has been awarded all credit to which he is entitled pursuant to the *Kayfez* procedure.

sentencing credit by the BOP and has done so in the proper district, where he is imprisoned.  *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, *United States v. Wilson*, 503 U.S. 329, 331-32 (1992); 18 U.S.C. § 3585, and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled.  *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

Section 3585(a) provides that a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).  A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum*.  *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers*, 920 F. Supp. at 622.  This is because the state remains the primary

custodian in those circumstances.[6] Further, a concurrent sentence commences on the date of its imposition, not on the date of commencement of the prior sentence or some earlier date. *See Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983). Therefore, in the instant case, Staples' federal sentence commenced on December 13, 2004, the date it was imposed.

A determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1)  as a result of the offense for which the sentence was imposed; or
>
> (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

---

[6] The jurisdiction that first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

*Id*.  Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence.  *See also Chambers*, 920 F. Supp. at 622.  "Congress made clear that a defendant could not receive a double credit for his detention time."  *Wilson*, 503 U.S. at 337.  Moreover, as noted previously, in certain circumstances, prisoners may be entitled to *Kayfez* credits, which were properly calculated and applied to Staples' sentence here.  This does not alter the court's instant inquiry.

In his petition, Staples seeks credit, pursuant to *Ruggiano*, toward his federal sentence for time he spent serving his state sentence.  307 F.3d at 132-34.  Specifically, Staples argues that oral statements made by the judge during sentencing amount to court directives that he receive credit toward his federal sentence for the time he served on his pre-existing state court sentence.  However, as set forth below, *Ruggiano* does not apply to the instant case.

Federal law, specifically 18 U.S.C. § 3584 and section 5G1.3 of the United States Sentencing Guidelines ("U.S.S.G"), allows a sentencing court to award a concurrent sentence to a defendant who is subject to an undischarged term of imprisonment. Section 5G1.3 endeavors to coordinate the sentencing process "with an eye toward having such punishments approximate the total penalty that would

have been imposed had the sentences for the different offenses been imposed at the same time (*i.e.*, had all of the offenses been prosecuted in a single proceeding)." *Witte v. United States*, 515 U.S. 389, 404-05 (1995).

The sentencing court's authority under § 5G1.3(c) to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same. *Ruggiano*, 307 F.3d at 131-33. In *Ruggiano*, the court held that in imposing a sentence, a district court may grant an "adjustment" for time served on a pre-existing sentence pursuant to U.S.S.G. § 5G1.3(c).[7] *Id.* To determine the credit intended, "the appropriate starting point is to ascertain the meaning that we should ascribe to the sentencing court's directives." *Rios v. Wiley*, 201 F.3d 257, 264 (3d Cir. 2000).[8] When there is an ambiguity

---

[7] Notably, application note 3(E) to U.S.S.G. § 5G1.3 (U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n.3(E) (2003)) appears to conflict with the holding in *Ruggiano*. The note provides that "subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on an undischarged term of imprisonment." Although credit may be given in extraordinary circumstances for time served on a pre-existing sentence, the credit is properly deemed a downward departure and not an adjustment. Notwithstanding this note, *Ruggiano* remains the controlling precedent. While the Third Circuit Court of Appeals has addressed the effect of note 3(E) on the *Ruggiano* holding, and has found that the note abrogated *Ruggiano*, it has not done so in a "Precedential" opinion. *See United States v. Destio*, 153 F. App'x 888, 893-94, n.6 (3d Cir. 2005).

[8] In *Rios*, the Third Circuit considered the application of § 5G1.3 prior to its amendment, effective November 1, 1996, in a situation in which a court sentenced a defendant already subject to an undischarged term of imprisonment for a separate offense. 201 F.3d at 260.

between the oral pronouncement of sentence and the written sentence, the court may recognize that the oral sentence "often [consists of] spontaneous remarks" that "are addressed primarily to the case at hand and are unlikely to be a perfect or complete statement of all the surrounding law."[9] *Ruggiano*, 307 F.3d at 133 (quoting *Rios*, 201 F.3d at 268).  It is therefore essential to consider the context in which the statement is made.  *Ruggiano*, 307 F.3d at 134.

In the instant case, the documentary evidence[10] clearly establishes that there was no state sentence in effect on December 13, 2004, the date Staples was sentenced in federal court.  Without a "pre-existing state sentence" at the time of federal sentencing, it is not possible for a federal judge to order the federal sentence run concurrently with a state sentence.  Here, the state sentence simply did not exist at the time the district court sentenced Staples on December 13, 2004.  Therefore, *Ruggiano* and § 5G1.3(c) are not applicable in this case, and the BOP did not err in its calculation of Staples' federal sentence.

---

[9] The BOP's Program Statement regarding sentencing states, in pertinent part, "Should the Judgment and Commitment order make a recommendation that a period of time credit be awarded to the sentence that is not authorized, the recommendation may be treated as surplusage and the credit will not be allowed."  BOP Program Statement 5880.28 at 67, *supra* note 4, at 4.

[10] Respondent asserts that the oral statements at sentencing are unavailable.  *See supra* note 3, at 3.

## III. <u>Conclusion</u>

Based on the foregoing, Staples has been awarded all credit to which he is entitled. Accordingly, the petition for writ of habeas corpus will be denied.

An appropriate order follows.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: July 6, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE STAPLES,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-02426 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **TROY WILLIAMSON,** | : | |
| | : | |
| Respondent | : | |

## **ORDER**

Upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The Clerk of Court shall CLOSE this case.


                                                                  s/Sylvia H. Rambo
                                                             SYLVIA H. RAMBO
                                                             United States District Judge

Dated: July 6, 2007.